**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GARY MEDNICK, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>PRECOR INC., a Delaware corporation, )<br>)<br>Defendant. ) | Case No. 1:14-cv-03624<br>CONSOLIDATED ACTION<br><br>Hon. Harry D. Leinenweber<br><br>Magistrate Judge Daniel G. Martin |
| STEVEN BAYER, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRECOR INC., a Delaware corporation, )<br>)<br>Defendant. )<br>) | |

**MOTION FOR APPOINTMENT OF PLAINTIFFS'
<u>INTERIM CO-LEAD COUNSEL</u>**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiffs Gary Mednick and Steven Bayer ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel and Executive Committee. In support of their Motion, Plaintiffs state as follows:

**I.     INTRODUCTION**

The undersigned are counsel for Plaintiffs in two class actions filed in this District styled *Mednick v. Precor Inc.*, Case No. 1:14-cv-03624 and *Bayer v. Precor Inc., Ltd.*, Case No. 14-cv-04231. Both of these cases are consumer fraud actions relating to several of Defendant Precor Inc.'s ("Precor" or "Defendant") fitness machines (the "Products") and allege marketing

435535.1

misrepresentations by Precor. This Court recently related and consolidated these matters on July 23, 2014 into this Consolidated Action. [Dkt. No. 25].

After this Court ordered consolidation, counsel in the constituent matters conferred and have reached an agreement regarding a proposed leadership structure. Pursuant to that agreement, Joseph J. Siprut (Siprut PC) and Katrina Carroll (Lite DePalma Greenberg, LLC), seek appointment as Plaintiffs' Interim Co-Lead Counsel (jointly, "Proposed Co-Leads"). Proposed Co-Leads have proven track records of experience, knowledge, and success in litigating some of the nation's largest consumer fraud class actions and complex litigation matters, and are well qualified to serve as interim class counsel here.[1] Additionally, in accordance with the agreement, they further propose that the Court appoint Richard Gordon (Gordon Law Offices) to Plaintiffs' Executive Committee ("Proposed Executive Committee"). Plaintiffs ask the Court to appoint their choice of counsel to protect the interests of the Class and promote an efficient adjudication of this and any related case(s) filed in or removed to this Court.

II. **ARGUMENT**

By appointing interim lead counsel, the Court will ensure that the litigation is conducted in an organized and efficient manner by skillful and experienced counsel. *Manual for Complex Litigation, Fourth, Federal Judicial Center* (2004) ("Manual") § 10.221. As described herein, Plaintiffs' chosen counsel meet each of the criteria enumerated in Fed. R. Civ. P. 23(g) and should be appointed to represent the class in the Consolidated Action.

The Manual summarizes the responsibilities of lead counsel as follows:

> ***Lead counsel.*** Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group — either personally or by coordinating the efforts of others — in presenting written and oral arguments and suggestions to the court,

---

[1] The summary resume of Mr. Siprut is attached hereto as **Exhibit A**. The firm resume of Lite DePalma Greenberg, LLC, which includes the biography of Ms. Carroll, is attached as **Exhibit B**.

> working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Id.* The early appointment of interim co-lead counsel for Plaintiffs will facilitate the efficient prosecution of the claims at issue in this litigation.

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In appointing interim lead counsel, the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Consistent with Rule 23, courts routinely appoint leadership structures to coordinate the prosecution of complex litigation. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009) ("[i]n complex cases, courts may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation"); *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988) ("[i]n complex cases, it is well established that the district judge may create a Plaintiffs' Lead Counsel Committee") (citations omitted).

Here, Proposed Co-Leads: (i) have worked diligently on this action since its inception; (ii) have considerable experience in leading the prosecution of complex consumer class actions, including consumer fraud, common law breach of contract, and declaratory judgment claims, and other complex litigation; (iii) are familiar with applicable law; and (iv) have the demonstrated ability to commit the necessary resources to this matter. Moreover, Proposed Co-Leads have agreed on a leadership structure and will adequately represent the interests of Plaintiffs and the putative Class. *See Third Circuit Task Force Report: Selection of Class Counsel*, 208 F.R.D. 340, 356 (2002) ("In deciding on appointment [of counsel], courts in class actions have traditionally exercised case-by-case discretion, often relying on competing counsel to work out an arrangement, also known as private ordering."); *Manual* §§ 21.271-72.

### A. Proposed Co-Leads Have Identified and Investigated Claims on Behalf of Plaintiffs and the Putative Class.

Proposed Co-Leads have already committed substantial time and effort to researching, identifying and filing the claims of Plaintiffs and the putative Class. The allegations in both of the individual actions were uncovered by due diligence of Proposed Co-Leads in investigating Plaintiffs' claims and the complaints prepared by counsel are comprehensive and of high quality. Each of the Proposed Co-Leads is ready, willing, and able to commit the manpower and resources necessary to vigorously litigate the Consolidated Action. Proposed Co-Leads have already invested substantial time and effort into researching and briefing a joint opposition to Defendant's motions to strike and dismiss. Thus, the "work" factor weighs in favor of designation of Proposed Co-Leads here.

### B. Proposed Co-Leads Have Significant Experience in Leading the Prosecution of Consumer Class Actions and Are Knowledgeable of Applicable Law.

Courts appointing lead counsel have placed great emphasis on proposed class counsel's experience and knowledge of applicable law. *See generally In Re Toys R Us Antitrust Litig.,* 191

F.R.D. 347, 351 (E.D.N.Y. 2000) ("Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."); *In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003) (appointing class counsel in a securities case where the firm had "extensive experience in representing institutional investors in securities actions throughout the country and . . . long been heavily engaged in securities and corporate litigation.").

As reflected in the high quality of the individual complaints filed on behalf of their respective Plaintiffs and as their resumes confirm, Proposed Co-Leads have significant experience leading the prosecution of complex class actions, including consumer fraud, securities fraud and common law breach of contract and unjust enrichment claims. (*See* Exhibits A-B.) They have repeatedly served as lead counsel, co-lead counsel and on Executive Committees in such cases, are well-versed in applicable law, and will draw on their substantial knowledge and experience to effectively represent Plaintiffs and the putative Class in this matter.

### 1. Joseph J. Siprut (Siprut PC)

Joseph Siprut is the managing partner of Siprut PC. He was named a "Super Lawyer" in Illinois for Class Action Litigation, and holds an *AV Preeminent* rating by Martindale Hubble, the highest possible peer review rating. Mr. Siprut has been recognized for "high-stakes, high-profile cases against large defendants" (Chicago Daily Law Bulletin, September 2011). As federal courts have further recognized in appointing Mr. Siprut as lead class counsel in litigation throughout the United States, Mr. Siprut and his firm have "substantial class action experience [and have served] as lead counsel" in myriad class litigation. *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, Case No. MDL 13-cv-9116 (N.D. Ill. July 29, 2014).

The firm's recent settlements and leadership appointments include the following:

- *In re Southwest Airlines Voucher Litigation* (Case No. 11-cv-8176, N.D. Ill.): Appointed lead counsel in nationwide class action relating to Southwest's unilateral cancellation of drink vouchers paid for by business select travelers. Settlement valued up to $58 Million granted final approval.

- *In re Energizer Sunscreen Litigation*, (Case No. 13-cv-00131, N.D. Ill.): Appointed lead counsel in nationwide class action relating to defective sunscreen nozzles manufactured by Energizer. Settlement valued up to $200 Million granted final approval.

- *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation* (Case No. MDL 13-cv-9116, N.D. Ill.): Appointed co-lead counsel in consolidated MDL litigation against the NCAA on behalf of current and former collegiate athletes related to concussions and head injuries. Settlement of $75 million submitted for preliminary approval.

- *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc.*: (Case No. 14-cv-00949, N.D. Ill): Appointed lead counsel in nationwide class action relating to unsolicited facsimile transmissions by Grubhub, in violation of the Telephone Consumer Protection Act. Settlement of $2 million granted preliminary approval.

- *In re Zydus Unsolicited Fax Litigation* (Case No. 13-cv-03105, N.D. Ill): Appointed lead counsel in nationwide class action relating to unsolicited facsimile transmissions by Zydus, in violation of the Telephone Consumer Protection Act. Settlement valued up to $2.25 million granted preliminary approval.

- *In Re Prescription Pads TCPA Litigation* (Case No. 13-cv-06897, N.D. Ill): Appointed lead counsel in nationwide class action relating to unsolicited facsimile transmissions by Rx Security, in violation of the Telephone Consumer Protection Act. Settlement of $1 million granted preliminary approval.

- *Lim, et al. v. Vendini* (Case No. 14-cv-561, Cal. Sup Ct.): Appointed co-lead counsel in nationwide class action relating to a security breach exposing the personal information of hundreds of thousands of consumers nationwide. Settlement of $3 million granted preliminary approval.

- *Windows Plus, Incorporated v. Door Control Services, Inc.* (Case No. 13-cv-07072, N.D. Ill): Appointed lead counsel in nationwide class action relating to unsolicited facsimile transmissions by Rx Security, in violation of the Telephone Consumer Protection Act. Settlement valued at $1 million granted preliminary approval.

- *Townsend v. Sterling* (Case No. 13-cv-3903, N.D. Ill): Appointed lead counsel in nationwide class action relating to violations of the Fair Credit Reporting Act in the employment context. Settlement granted preliminary approval.

- *Foos v. Ann, Inc.* (Case No. 11-cv-02794-L-MDD, S.D. Cal.): Appointed lead counsel in class action on behalf of California consumers for violations of the Song-Beverly Act. Settlement valued at $2,323,500 received final approval.

- *Lamb v. Bitech, Inc.* (Case No. 3:11-cv-05583-EDL, N.D. CA): Appointed lead counsel in class action on behalf of California consumers for violations of the Song-Beverly Act. Class-wide settlement on behalf of 30,000 California residents granted final approval.

- *Golba v. Dick's Sporting Goods, Inc.* (Case No. 30-2011-00472227, CA Superior Ct.): Appointed lead counsel in class action on behalf of California consumers for violations of the Song-Beverly Act. Settlement valued at $1,150,000 granted final approval.

- *Pietrantonio v. Ann Inc. d/b/a Ann Taylor, Inc.* (Case No. 13-cv-12721-RGS, D. Mass.): Appointed lead counsel in class action on behalf of Massachusetts consumers for violations of Massachusetts law prohibiting the collection of personal information. Settlement valued in excess of $2 million received final approval.

- *Christensen v. Sur La Table, Inc.* (Case No. 13-cv-11357-GAO, D. Mass.): Appointed lead counsel in class action on behalf of Massachusetts consumers for violations of Massachusetts law prohibiting the collection of personal information. Settlement received preliminary approval.

- *Alberts v. TSA Stores, Inc.* (Case No. MICV2014-01491, Mass. Sup. Ct.): Appointed lead counsel in class action on behalf of Massachusetts consumers for violations of Massachusetts law prohibiting the collection of personal information. Settlement valued at $2 million received preliminary approval.

- *Moyer v. Michaels* (Case No. 14-cv-561, N.D. Ill.): Appointed co-lead counsel in nationwide class action relating to a security breach exposing the personal information of hundreds of thousands of consumers nationwide.

- *Dr. William P. Gress et al. v. Premier Healthcare Exchange West, Inc.* (Case No. 14-cv-501, N.D. Ill.): Appointed co-lead counsel in nationwide class action relating to unsolicited facsimile transmissions by Premier, in violation of the Telephone Consumer Protection Act.

- *John McNamara, et al. v. Samsung Telecommunications America, LLC, et al.* (Case No. 14-cv-1676, N.D. Ill.): Appointed co-lead interim counsel in nationwide class action alleging false representations in connection with the performance of the Samsung 4G phone.

- *Belville et al v. Ford Motor Company* (Case No. 13-cv-06529, W.D. Va.): Appointed to Plaintiffs' Steering Committee in consolidated class litigation against Ford related to sudden acceleration in Ford model vehicles.

- *In re Ventra Card Litigation* (Case No. 13-cv-07294, N.D. Ill.): Appointed co-lead interim counsel in class litigation related to the Chicago Transit Authority Ventra payment card system.

- *Banakus v. United Continental Holdings, et al.* (Case No. 12-cv-06244, N.D. Ill.): Appointed co-lead interim class counsel in a nationwide class action pertaining to United's unilateral, retroactive devaluation of the benefits earned by premier members.

- *In re Barnes & Noble Pin Pad Litigation* (Case No. 12-cv-8617, N.D. Ill.): Appointed co-lead counsel in nationwide class action relating to a security breach exposing the personal information of hundreds of thousands of consumers nationwide.

- *Goodman v. Casting360, LLC* (Case No. 12-cv-09851, N.D. Ill.): Appointed lead counsel in nationwide class action for violations of the federal Telephone Consumer Protection Act.

As further demonstrated by Siprut PC's firm resume, attached hereto as Exhibit A, Mr. Siprut's experience in successfully leading the prosecution of complex consumer class actions establishes that he is well-suited to serve as one of Plaintiffs' Interim Co-Lead Counsel here.

### 2. Katrina Carroll (Lite DePalma Greenberg, LLC)

Katrina Carroll is a member of Lite DePalma Greenberg, LLC ("LDG") and heads LDG's Chicago office. She has been actively involved in many of the firm's class actions since 2001, in the areas of securities fraud, consumer fraud, ERISA and antitrust. She served as Co-Lead Counsel in some of the most prominent securities fraud class actions in the country, including *In re Motorola Securities Litigation* (N.D. Ill.), where LDG achieved a $193 million settlement for aggrieved investors, and in *In re Tenet Healthcare Corp. Securities Litigation*, (C.D. Cal.), which resulted in settlements for $216.5 million against one set of defendants and $65 million against the auditor defendant, representing one of the largest auditor settlements of all time.

Ms. Carroll is currently involved in some of the most challenging and exciting class action litigation in the country today. Her current caseload includes:

- *JP Morgan Chase Mortgage Modification Litigation* (D. Mass.): Ms. Carroll serves on the court appointed Executive Committee of attorneys representing a class of homeowners in a multi-district class action alleging improper practices committed by Chase in connection with mortgage loan modifications. The plaintiff homeowners allege a variety of improprieties committed by Chase, including failing to honor mortgage modification commitments and deceiving and misleading homeowners while processing modification applications. After nearly four years of litigation, in May of 2014, the court finally approved a settlement estimated to provide $500 million in mortgage modification relief to affected.

- *Moyer v. Michaels Stores* (N.D. Ill.): Ms. Carroll serves on the court appointed Executive Committee of a litigation team representing consumers who shopped at Michaels and had their personal financial information compromised as a result of a security breach disclosed by Michaels on January 25, 2014.

- *Stern v. Maibec* (D.N.J.): Ms. Carroll is pursuing this products liability class action on behalf of property owners who purchased wood shingles from Maibec. Plaintiffs allege that the shingles are plagued by design flaws that result in decay, including warping, peeling, cracking, buckling and curling.

- *Automotive Wire Harness Systems Antitrust Litigation* (D. Mich.): Ms. Carroll is plaintiff's counsel in this multi-district antitrust class action brought by businesses against manufacturers of automotive wire harnesses and related parts. Plaintiffs allege an illegal price fixing conspiracy by these manufacturers that artificially inflated the prices of these products, in violation of the federal antitrust laws.

### A. Proposed Co-Leads Have Sufficient Resources to Advance the Litigation In a Timely Manner.

Courts often consider the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. United States,* 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney.") (citation omitted). Proposed Co-Leads' summary resume and declaration, as well as the cases they have led, evidence their ability to fund this litigation. (*See* Exhibits A-B.) Proposed Co-Leads will continue to devote the required resources to aggressively represent and advance the interests of Plaintiffs and the putative Class.

-10-

**D.      The Proposed Executive Committee Member is Well-Qualified**

Richard Gordon is an experienced complex and commercial litigator who has successfully represented plaintiffs and defendants in commercial litigation disputes in state, federal and appellate courts. He has wide ranging trial experience in multi-million dollar complex commercial litigation matters and has favorably tried numerous cases before judges and juries. Mr. Gordon is well-qualified to serve as Plaintiffs' Executive Committee here.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs on behalf of themselves and all others similar situated, by and through undersigned counsel, respectfully request that the Court grant the instant motion and appoint  Joseph J. Siprut (Siprut PC) and Katrina Carroll (Lite DePalma Greenberg, LLC) as interim Co-Lead Counsel in the Consolidated Action, and Richard Gordon (Gordon Law Offices) to Plaintiffs' Executive Committee.

Dated: September 10, 2014                                  Respectfully submitted,

*/s/ Katrina Carroll*
Katrina Carroll
*kcarroll@litedepalma.com*
Kyle A. Shamberg
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG LLC**
Chicago Office
One South Dearborn
Suite 2100
Chicago, Illinois 60603
312.750.1265

Joseph J. Siprut
*jsiprut@siprut.com*
Matthew D. Savin
*msavin@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.300.4809

***Proposed Interim Co-Lead Counsel***

Richard R. Gordon
*richard.gordon@gordonlawchicago.com*
**GORDON LAW OFFICES, LTD.**
211 West Wacker Drive
Suite 500
Chicago, Illinois 60606
312.236.5200
Fax: 312.236.7727

435535.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing **Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel** was filed electronically with the Clerk of the Court using the CM/ECF system on this 10th day of September, 2014, and served electronically on all counsel of record.

*/s/ Katrina Carroll*

435535.1