IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY MEDNICK, Individually and on behalf of all others similarly situated, | Case No.  14 C 3624 Consolidated with Case No. 14 C 4231 |
| Plaintiffs, | Judge Harry D. Leinenweber |
| v. | |
| PRECOR, INC., | |
| Defendant. | |

_____

| | |
|---|---|
| STEVEN BAYER, Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| PRECOR, INC., | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Defendant Precor Incorporated ("Precor") moves to strike and dismiss Plaintiff Gary Mednick's ("Mednick") Complaint [ECF No. 24], and Plaintiff Steven Bayer's ("Bayer") Complaint [ECF No. 16].  For the reasons stated herein, Precor's Motion to Strike and Dismiss Mednick's Complaint is granted in part and denied in part, and the similar Motion against Bayer is denied.

## 1.I.  BACKGROUND

Mednick and Bayer both purchased Model 9.23 treadmills manufactured by Precor.  The Model 9.23 treadmill includes a Touch Sensor Heart Rate System (the "Touch Sensors") that measures heart rate when a user grips handle sensors.  The Touch Sensors in Model 9.23 treadmills are manufactured by Alatech ("Alatech"), one of Precor's vendors.  Alatech Touch Sensors, along with sensors manufactured by Polar and Saultron, are included on eighteen additional Precor machines:  four treadmills, eight elliptical machines, and six stationary bikes. Precor represents on its website, in its brochures, and through its advertisements that the Touch Sensors in all nineteen machines, regardless of manufacturer, provide accurate heart rate readings.  However, both Plaintiffs found that their treadmills' Touch Sensors failed to provide accurate heart rate readings. According to the Complaints, the Touch Sensors on all nineteen machines contain the same glaring defect.

After discovering that the Touch Sensor was defective, Mednick called and spoke with a Precor customer support manager who offered to refund Mednick the purchase price of the treadmill.  Mednick declined the offer, and eventually each Plaintiff separately filed a multi-state class action Complaint. Both Complaints assert claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the

Magnuson-Moss Warranty Act. Mednick's Complaint also asserts claims for breach of express warranty and breach of implied warranty of merchantability. Precor has moved to dismiss Plaintiffs' Complaints for lack of subject matter jurisdiction, failure to state a claim, and failure to plead with particularly. Precor has also moved to strike the multi-state class allegations in each Complaint.

## 2.II.  LEGAL STANDARD

### A.  Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure (12)(b)(1), a court may dismiss a case for lack of subject matter jurisdiction. Standing to sue is a threshold jurisdictional requirement in every federal action. *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 975 (Fed. Cir. 2005). Federal courts "may not grant relief when standing does not exist." *Heartland Direct, Inc. v. Chevron U.S.A. Inc.,* No. 06 C 1029, 2006 WL 2524139 at *2 (N.D. Ill. Aug. 30, 2006). Because standing is indispensable, a plaintiff must establish standing "in the same way as any other matter on which the plaintiff bears the burden proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). At the motion to dismiss STAGE, PLAINTIFFS' GENERAL ALLEGATIONS ARE ALL THAT IS NEEDED TO establish standing. *See, id.*

### B.  Failure to State a Claim

A complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief, sufficient to provide the defendant with "fair notice" of the claim and its basis.  FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555–56.

### C.  **Failure to Plead with Particularity**

Rule 9(b) requires a party to state with particularity the circumstances constituting fraud.  FED. R. CIV. P. 9(b).  A plaintiff generally must plead the "who, what, where, when and how" of the alleged fraud.  *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011).  Heightened pleading is also required for state law fraud claims brought in federal court.  *Ackerman v. Nw. Mut. Life Ins. Co.,* 172 F.3d 467, 470 (7th Cir. 1999).

### 3. III.   ANALYSIS

#### A.  Standing

Precor asserts that this Court does not have subject matter jurisdiction over Plaintiffs' claims because Plaintiffs lack standing.  Specifically, Precor argues that Mednick's claims are moot because he was offered a full refund.  Also, Precor argues that both Plaintiffs lack standing to bring claims related to any product other than the Model 9.23 treadmill that they purchased. The Court will address the mootness argument related to Mednick's claims before addressing the general standing arguments related to both Plaintiffs' claims.

"The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies." *Damasco v. Clearwire Corp.,* 662 F.3d 891, 894 (7th Cir. 2011).  "Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004).  At all stages of litigation, both litigants must maintain a personal interest in the case, and "[a] case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chi.,* 29 F.3d 1145, 1147 (7th Cir. 1994).

Precor argues that its offer of a full refund to Mednick mooted all of his claims. The Seventh Circuit recognized in *Damasco* that "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright under [Rule] 12(b)(1) because he has no remaining stake." *Damasco,* 662 F.3d at 895. To moot a plaintiff's claims, the offer must "satisfy the plaintiff's entire demand" such that "there is no dispute over which to litigate and thus no controversy to resolve." *Scott v. Westlake Servs. LLC*, 740 F.3d 1124, 1126 (7th Cir. 2014) (internal quotation marks omitted). In this case, the parties dispute whether Precor's offer of a full refund satisfies the stringent standard of complete relief. The Court need not resolve this dispute, though, because *Damasco* does not apply to an offer made by a non-defendant before a plaintiff makes a demand. *G. Neil Garrett, D.D.S., P.C. v. New Albertson's Inc.,* No. 13 C 7965, 2014 WL 2198242, at *2-3 (N.D. Ill. May 27, 2014).

In *Garrett,* the plaintiff sued an entity called Albertson's, LLC, instead of the correct defendant, New Albertson's, Inc. *Id.* at *2. Before the plaintiff realized its mistake, New Albertson's sent a settlement offer to the plaintiff. *Id.* The plaintiff rejected the offer and filed an amended complaint, substituting New Albertson's as the defendant. *Id.* New

- 6 -

Albertson's then moved to dismiss, arguing that its offer mooted the plaintiff's claims. *Id.*

Although the parties disputed whether the offer provided complete relief, the court found it unnecessary to address that issue. *Id.* Instead, the court found that *Damasco* did not apply because New Albertson's "was not yet a defendant . . . when it made its offer" and "[t]here was not yet a demand directed to New Albertson's for it to offer to satisfy." *Id.; see also, Scott,* 740 F.3d at 1126 ("[I]f the defendant offers to pay only what it thinks might be due, the offer does not render the plaintiff's case moot."). Thus, New Albertson's offer did not moot plaintiff's claims. *Garrett,* 2014 WL 2198242, at *3.

The facts of this case very closely mirror those in *Garret.* Nancy Reamy, a Customer Support Manager working for Precor, offered Mednick a full refund on January 27, 2014. Mednick did not file his Complaint naming Precor as a defendant until about four months later, on May 16, 2014. Also, Precor has not claimed that Mednick ever made a specific demand, much less one directed at Precor. Consistent with the lack of a demand for a refund, Mednick immediately rejected Reamy's offer. Because Precor was neither a defendant nor responding to a demand, its offer could not moot Mednick's claims under *Damasco* even if the refund provided complete relief. *See, id.*

Moreover, all of the cases upon which Precor relies are distinguishable. In three of the cases, the relevant offers were made when the offerors were defendants and after plaintiffs stated their demands in their complaints. *Damasco,* 662 F.3d at 893; *Holstein,* 29 F.3d at 1146; *Rand,* 926 F.2d at 597. And in *Hayman,* the offeror complied with a demand for a specific dollar amount directed to the offeror. *Hayman v. Autohaus on Edens, Inc.,* 734 N.E.2d 1012, 1013-14 (Ill. App. Ct. 2000). In contrast, as stated above, Precor made its offer before it was a defendant in a lawsuit and not in response to a demand. Thus, Precor's unsolicited offer for a refund did not moot Mednick's claims.

Precor next argues that both Plaintiffs lack standing to assert claims related to any products that they did not buy. Plaintiffs respond by arguing that (1) the Court should not consider this issue until the class certification stage, and (2) even if the Court does consider Precor's arguments, Plaintiffs allegations demonstrate standing sufficiently. Because Plaintiffs ultimately are correct on their second argument, the Court need not consider their first.

Precor argues that Plaintiffs only have standing to assert claims related to the Model 9.23 treadmill that they actually purchased. There is no uniformity across the country on the issue of standing for claims related to unpurchased products.

However, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Quinn v. Walgreen Co.,* 958 F.Supp.2d 533, 541 (S.D.N.Y. 2013) (internal quotation marks omitted).

"[T]he critical inquiry is whether there is sufficient similarity between the products purchased and not purchased." *Davidson v. Kimberly-Clark Corp.,* No. C 14-1783 PJH, 2014 WL 3919857, at *6 (N.D. Cal. Aug. 8, 2014) (internal quotation marks omitted); *see also, In re Frito-Lay N. Am., Inc. All Natural Litig.,* No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *12 (E.D.N.Y. Aug. 29, 2013). In a claim based on common misrepresentations, courts consider not only physical similarities but also the misrepresentations' similarities. *See, Davidson,* 2014 WL 3919857, at *6 ("In general, courts permit plaintiffs to brings claims regarding products they did not purchase where common misrepresentations are the crux of [the plaintiff's] case.") (internal quotation marks omitted); *Quinn,* 958 F.Supp.2d at 542 (emphasizing both the "substantial similarities between all of defendants' Glucosamine Supplements" and "the nearly identical" misrepresentations on the supplement labels). "Where product composition is less important, the cases turn on whether the

alleged misrepresentations are sufficiently similar across product lines." *Brown v. Hain Celestial Grp., Inc.,* 913 F.Supp.2d 881, 890 (N.D. Cal. 2012).

In this case, Plaintiffs assert claims for fraud and breach of warranty. All the claims rely on essentially the same misrepresentation — that the Touch Sensors are accurate. Many of the misrepresentations allegedly were made in the same place and some of the misrepresentations are identical across the nineteen products. Further, the Touch Sensors themselves fill the same function on every machine, and they are used in the same manner on every machine. They also allegedly fail in the same manner on every machine by producing inaccurate readings.

Precor does not dispute any of these similarities. Instead, Precor argues that the products are different mechanically. Precor first notes that fifteen of the nineteen products are not treadmills and nineteen of them are equipped with wireless heart rate receivers. This fact is of little relevance because Plaintiffs' claims are for a specific component of the machines, not the machines as a whole or an alternative product. Neither of these facts is relevant to the operation or accuracy of the Touch Sensors.

Precor also notes that three different vendors manufacture Touch Sensors using different designs, software, and algorithms. While these differences could be significant, Precor has not yet

shown how, or even claimed that, the Touch Sensors' accuracy or failures varied depending on which vendor made them. Thus, Precor has failed to show that these differences are anything more than minor. *See, Quinn,* 958 F.Supp.2d at 541-42 (explaining that under the substantially similar test, "minor differences" between products do not defeat standing).

Plaintiffs' allegations are sufficient to establish that the allegedly faulty Touch Sensors in the nineteen products are substantially similar. Therefore, Plaintiffs have individual standing to pursue claims related to all nineteen products. Of course, Precor remains free to challenge Plaintiffs' ability to satisfy Rule 23 at the certification stage. *Frito-Lay,* 2013 WL 4647512, at *13; *Anderson v. Jamba Juice Co.,* 888 F.Supp.2d 1000, 1006 (N.D. Cal. 2012).

### B. Consumer Fraud Claims

Count I in both Complaints asserts unfair practice and deception claims under the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"). Precor argues that both Plaintiffs fail to state an ICFA claim.

Precor argues that Plaintiffs' ICFA claim fails to satisfy Rule 9(b) because they did not allege "a single affirmative statement by Precor regarding the efficacy of the Handle Touch system on the 9.23 Treadmill." However, both Plaintiffs allege Precor's 9.23 Treadmill product brochure "invites the consumer to

- 11 -

'maximize your workout results with touch sensor heart rate monitoring.'" Both Plaintiffs also allege that Precor touts the benefits of heart rate training zones on its website and describes in the 9.23 Owner's Manual how such training should be conducted with the Touch Sensors. Of course, all of Precor's representations are nonsensical if its Touch Sensors are completely inaccurate. These allegations satisfy Rule 9(b) because they explain the "who, what, where, when and how" of the alleged fraud. *Hofer,* 649 F.3d at 615. Precor (the "who") made specific misrepresentations regarding the accuracy and reliability of its product's Touch Sensors (the "what") on its website, in its advertising, and in its products' owner's manuals (the "where," "when," and "how"). These allegations are "enough to provide [Precor] with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme. *Ivanhoe Fin., Inc. v. Highland Banc Corp.,* No. 03 C 7336, 2005 WL 1498878, at *3 (N.D. Ill. June 9, 2005).

Precor also argues that Plaintiffs' ICFA claims fail to satisfy Rule 9(b) because they did not allege that Precor "engaged in particularly deceptive and oppressive behavior." But both Plaintiffs alleged that Precor's "misrepresentations . . . are deceptive, misleading and fraudulent." Plaintiffs further allege that Precor continued to make the Touch Sensor representations even when it knew that they

were false.  Any reasonable definition of "deception behavior" would include such blatant lying, assuming – as the Court must — that the allegations are true.  Accordingly, Plaintiffs have stated an ICFA claim.

### C.  Breach of Express and Implied Warranty Claims

Counts II and III of Mednick's Complaint assert claims for breach of express and implied warranties, respectively.

Precor first argues that Mednick fails to identify a specific warranty or representation.  This contention ignores the facts alleged in the complaint.  Beyond the above-discussed representations, Mednick's Complaint makes reference to the Model 9.23 treadmill Owner's Manual that states that Precor "warrants all new Precor products to be free from defects in materials and manufacture for the warranty period set forth below."  Such statements are not mere sales puffery; rather, they constitute specific warranties and representations.

Precor next argues that Mednick lacks the required privity for his express warranty claim.  Generally, a claim for breach of express warranty does require privity of contract under Illinois law. *Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.,* No. 02 C 8800, 2005 WL 782698, at *15 (N.D. Ill. Apr. 6, 2005).  However, "manufacturer documents given directly to the buyer prior to a purchase may give rise to an express warranty because the assertions become part of the basis of the

bargain unless clear affirmative proof shows otherwise." *Id.* Brochures, documents, and advertisements may constitute a sufficient basis for an express warranty. *Id.* At this stage, it "is enough for [Mednick] to describe [Precor's] promotional activities and allege that [Mednick] relied on this information." *Rosenstern v. Allergan, Inc.,* 987 F.Supp.2d 795, 805 (N.D. Ill. 2013). Mednick "is not required to specifically identify [on] what promotional materials [he] relied." *Id.*

In this case, Mednick has far surpassed these minimum requirements. Mednick identified the specific statements upon which he relied and identified where, when, and how Precor made them. Precor has made no showing to rebut Mednick's allegations that the statements formed the basis of his purchase of the Model 9.23 treadmill. Thus, Mednick need not show privity to maintain his express warranty claim.

Precor also argues that Mednick lacks the required privity for his implied warranty claim. "Where a plaintiff seeks to sue a manufacturer (as opposed to a seller) for breach of an implied warranty . . . Illinois . . . require[s] the plaintiff to establish privity of contract between the plaintiff and the manufacturer." *Reid v. Unilever U.S., Inc.,* 964 F.Supp.2d 893, 910 (N.D. Ill. 2013). "At least with respect to purely economic loss, implied warranties give a buyer of goods a potential cause of action only against his immediate seller." *Caterpillar, Inc.*

*v. Usinor Industeel,* 393 F.Supp.2d 659, 678 (N.D. Ill. 2005) (internal quotation marks omitted).

In this case, Precor did not sell the Model 9.23 treadmill to Plaintiff. Plaintiff attempts to escape this fact under *Crest Container Corp. v. R.H. Bishop Co.,* 445 N.E.2d 19 (Ill. App. Ct. 1982). But the *Crest* exception applies only "when the remote manufacturer *knows* the identity, purpose and requirements of the dealer's customer and *manufactured or delivered* the goods *specifically* to meet those requirements." *Id.* at 25 (internal quotation marks omitted) (emphasis added). *Crest* is inapplicable because Precor knew nothing about Plaintiff, much less his identity, purpose and requirements, before he bought the treadmill. And, Precor did not manufacture the treadmill to meet Plaintiff's specific requirements. Thus, Mednick is unable to state a claim for breach of implied warranty.

Mednick has stated a claim for breach of express warranty but has failed to state a claim for breach of implied warranty.

### D. Magnuson-Moss Claims

Count IV of Mednick's Complaint and Count II of Bayer's Complaint assert Magnuson-Moss claims. Precor argues that Mednick lacks standing to assert his Magnuson-Moss claim because Precor offered Mednick a refund. The Court rejected this argument above.

Precor also argues that Bayer's Magnuson-Moss claim fails to state a claim for two reasons. First, Precor argues that Bayer did not allege any express or implied warranty. Precor is correct that, ordinarily, Bayer would not be able to establish an implied warranty because he lacks privity for the same reason that Mednick lacks privity for his breach of implied warranty claim. *Smith v. Monaco Coach Corp.,* 334 F.Supp.2d 1065, 1069 (N.D. Ill. 2004). However, a Magnuson-Moss claim may be maintained if there is a written warranty. 15 U.S.C. § 310(d)(1). In such circumstances, a plaintiff also can seek to enforce an implied warranty even if privity is lacking. *Cohen v. AM Gen. Corp.,* 264 F.Supp.2d 616, 621 (N.D. Ill. 2003) ("The Illinois Supreme Court, however, adopted the rule that privity is not required where a consumer seeks to bring a claim based on an implied warranty if a Magnuson-Moss warranty is given."). Bayer alleges in his Complaint that Precor made an express written warranty on its website and in its product brochure and owner's manual. In his brief, Bayer quoted Precor's statement in the Model 9.23 treadmill Owner's Manual that it "warrants all new Precor products to be free from defects in materials and manufacture for the warranty period set forth below." Indisputably, such statements constitute a written warranty as defined in 15 U.S.C. § 2301(6).

Precor also argues that Bayer's Magnuson-Moss claim fails because he did not provide the required notice and reasonable opportunity to cure. Generally, a "plaintiff-buyer pursuing a breach of warranty claim must give the seller notice of the claimed breach or be barred from recovery." *Stella v. LVMH Perfumes & Cosmetics USA, Inc.,* 564 F.Supp.2d 833, 836 (N.D. Ill. 2008). Under one of the *Connick* exceptions, however, "[d]irect notice is not required when . . . the seller has actual knowledge of the defect of the particular product." *Connick v. Suzuki Motor Co., Ltd.,* 675 N.E.2d 584, 589 (Ill. 1996).

Bayer alleges that every Precor machine at issue in this case includes a "Touch Sensor Heart Monitoring system . . . riddled with design flaws." Bayer also alleges that Precor was aware of these failures. Accepting Bayer's allegations as true, if Precor knew that every Touch Sensor was defective, then necessarily it knew that the Touch Sensor included in Bayer's particular treadmill was defective. *See, Stella,* 564 F.Supp.2d at 837 ("[T]he complaint sufficiently alleges [the defendant] had actual knowledge of the presence of lead in the lipstick."). Thus, this case falls under the *Connick* exception.

In sum, both Mednick and Bayer have stated a claim under the Magnuson-Moss Act.

### E.  Multi-State Class Allegations

Precor argues that the Court should strike Plaintiffs' multi-state class allegations.  "Courts in this District . . . evaluate motions to strike class allegations under Rule 23, not Rule 12(f)." *Buonomo v. Optimum Outcomes, Inc.,* No. 13-CV-5274, 2014 WL 1013841, at *1 (N.D. Ill. Mar. 17, 2014).  "Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, a decision denying class status by striking class allegations at the pleading stage is inappropriate." *Boatwright v. Walgreen Co.,* No. 10 C 3902, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) (internal citation omitted).  "In this district, judges have generally addressed class certification at the pleading stage only when the class allegations are facially and inherently deficient." *Machowicz v. Kaspersky Lab, Inc.,* No. 14 C 1394, 2014 WL 4683258, at *5 (N.D. Ill. Sept. 19, 2014) (internal quotation marks omitted).

Precor argues that the Court should strike the class allegations related to Plaintiffs' ICFA, breach of express warranty, and Magnuson-Moss claims because the Court might need to apply the law of many states.  Plaintiffs dispute whether the Court would actually need to apply state laws that differ materially in ways relevant to the claims in this case.  Neither party has provided a sufficient basis for the Court to resolve

the issue. Regardless, such variations, if they existed, would not justify striking the class allegations for several reasons.

First, Precor's argument essentially challenges Plaintiffs ability to satisfy the requirements of Rule 23. "Whether a plaintiff has fulfilled Rule 23 class action requirements, however, is not an appropriate inquiry at the motion to dismiss stage." *Howard v. Renal Life Link, Inc.,* No. 10 C 3225, 2010 WL 4483323, at *2 (N.D. Ill. Nov. 1, 2010). Second, the mere possibility that the presence of class members in other states may require the application of different state laws does not satisfy the facially and inherently deficient standard. *See, Saltzman v. Pella Corp.,* 257 F.R.D. 471, 480 (N.D. Ill. 2009), *aff'd,* 606 F.3d 391 (7th Cir. 2010) ("[C]ourts have permitted named plaintiffs to represent class members from other states in which the representatives did not reside or make purchases."); *Muehlbauer v. Gen. Motors Corp.,* 431 F.Supp.2d 847, 872 (N.D. Ill. 2006) ("[W]hether these [variations in the laws] destroy commonality is an issue for another day."). Third, "the choice-of-law issues in nationwide class actions," such as those upon which Precor relies in its motion to strike, "are rarely so uncomplicated that one can delineate clear winning and losing arguments at an early stage in the litigation." *Mirfasihi v. Fleet Mortgage Corp.,* 450 F.3d 745, 750 (7th Cir. 2006).

None of the cases upon which Precor relies offer any guidance because all dealt with attempts to certify a class, not motions to dismiss. *In re Aqua Dots Products Liab. Litig.*, 654 F.3d 748, 751 (7th Cir. 2011); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 673 (7th Cir. 2001); *In re Gen. Motors Corp. Dex-Cool Products Liab. Litig.*, 241 F.R.D. 305, 308 (S.D. Ill. 2007).

The Court will defer consideration of the impact of variations in state law until the class-certification stage.

## 4.IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Precor's Motion to Strike and Dismiss Mednick's Complaint [ECF No. 24] is granted in part and denied in part; and

2. Precor's Motion to Strike and Dismiss Bayer's Complaint [ECF No. 16] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:11/13/2014