**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY MEDNICK, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | Case No. 1:14-cv-03624 |
| | ) | CONSOLIDATED ACTION |
| Plaintiff, | ) | |
| | ) | Hon. Harry D. Leinenweber |
| v. | ) | |
| PRECOR INC., a Delaware corporation, | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendant. | ) | |
| STEVEN BAYER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PRECOR INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO PRECOR INC.'S MOTION FOR LEAVE TO**
**AMEND/CORRECT MEMORANDUM IN OPPOSITION TO MOTION**

Plaintiffs Gary Mednick ("Mednick") and Steven Bayer ("Bayer) (collectively

"Plaintiffs"), through their undersigned counsel, submit this response to Defendant Precor Inc.'s

motion (the "Motion") for leave to amend/correct its opposition to Plaintiffs' motion for class

certification. ECF Doc. 113. The motion should be denied.

1. Precor seeks leave to supplement its opposition to class certification because it

forgot to file a 12-page, single-spaced Appendix discussing purported differences in state laws

which, according to Precor, create individualized issues of law precluding certification.

2.      Plaintiffs believe the request should be rejected because the Appendix is an improper effort by Precor to inject additional, voluminous argument into the record after full briefing on the class certification issue.  Notwithstanding that Precor asked for and was granted leave to file a 39-page opposition brief, ECF Doc. 98 – relief Plaintiffs did not oppose at the time – it is now attempting to use the Appendix to inject a litany of arguments not otherwise elucidated (or even mentioned) in its brief into the Court's analysis.  The Appendix is therefore essentially an end-run around the Court's order permitting excess pages: had these arguments – single spaced over 12 pages – been incorporated into Precor's brief, rather than tacked on to that brief and called an "Appendix," the brief would have been significantly longer and Plaintiffs would have needed to request additional space commensurate with that in order to address these additional issues.  The Court should therefore deny Precor's request and decline to consider its belated arguments.

3.      However, assuming *arguendo* that the Court is inclined to grant the relief and consider the Appendix, Plaintiffs request leave to file an amended/corrected reply brief in order to address a few of the discrete issues raised in the Appendix that were not already addressed in Plaintiffs' previously-filed reply, ECF Doc. 108.  While Plaintiffs believe the Appendix largely, if not entirely, either misrepresents the governing law of various jurisdictions or points to "distinctions without a difference" that are irrelevant and immaterial to the Court's determination of whether to certify a class, there are a small number of issues raised in the Appendix that were not discussed at all in Precor's opposition brief, to which Plaintiffs request an opportunity to respond.  Moreover, some of the statements in Plaintiffs' reply brief discussing points as to which Precor "makes no argument" or "offers no support" will be rendered inaccurate should the Court accept and consider the Appendix.  Accordingly, Plaintiffs request leave to amend their

2

reply brief to address these newly-raised points and to correct some of the language regarding the arguments Precor does and does not raise.  Should the Court grant this request, Plaintiffs can submit an amended brief by Monday, March 21, 2016 that will be *no longer* than the reply brief currently on file.

WHEREFORE, Plaintiffs request that this Court enter an Order:

A. Deny the Motion and decline to consider Precor's Appendix; or

B. If the Court grants the Motion, permit Plaintiffs leave to file an amended reply brief by Monday, March 21, 2016.

Dated:  March 14, 2016

Respectfully submitted,

*/s/  Katrina Carroll*
Katrina Carroll, Esq.
*kcarroll@litedepalma.com*
Kyle A. Shamberg, Esq.
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Phone: 312.750.1265
Fax: 312.212.5919

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Michael L. Silverman
*msilverman@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.477.0553

Richard R. Gordon, Esq.
*richard.gordon@gordonlawchicago.com*
**GORDON LAW OFFICES, LTD.**
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606

Phone: 312.332.5200
Fax: 312.236.7727

***Attorneys for Plaintiffs Gary Mednick and
Steven Bayer and the Putative Class***