UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY MEDNICK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PRECOR, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No. 1:14-cv-03624<br><br>Honorable Harry D. Leinenweber |

Consolidated With

| | |
|---|---|
| STEVEN BAYER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　- against -<br><br>PRECOR, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No. 1:14-cv-04231<br><br>FINAL CLASS SETTLEMENT APPROVAL ORDER |

　　　THIS MATTER HAVING come before the Court pursuant to the Court's Order of Preliminary Class Settlement Approval filed January 15, 2019 to determine whether the Settlement Agreement and Release (the "Agreement") executed on January 9, 2019, (the recitals and definitions of which the Court incorporates herein) is fair and reasonable and should be approved as being in the best interest of the Settlement Class;

　　　The Notice Package having been given to all Class Members as directed by this Court's Order, and proof of notice having been filed with the Court;

　　　All persons present or represented at the Final Approval Hearing, who were entitled to be heard pursuant to the notice, having been given an opportunity to be heard;

　　　**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1

784932.1

1. The Court, for purposes of this Final Order ("Order"), adopts and incorporates the terns and conditions set forth in the Settlement Agreement filed with this Court on January 10, 2019. Throughout this Order, the capitalized words are given the same meaning ascribed in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and over all parties thereto including all Class Members.

3. This Court hereby certifies the Class consisting of:

"All individual consumers who purchased new, from Precor or an authorized retailer[1] of Precor in the United States, one or more of the Treadmills. For consumers in California, Illinois, Missouri, New Jersey or New York, the Treadmill must have been purchased between May 16, 2010 and the date of this Agreement. For consumers in the remaining 45 states, the Treadmill must have been purchased in the four years prior to the date of this Agreement. The Settlement Class excludes Precor and its employees, class counsel, judges who presided over the case, and their family members, who purchased from Precor or an authorized retailer.[2] The Settlement Class also excludes retailers or others who purchased a Treadmill for resale, and all individual consumers who purchased a Treadmill that included, at the time of sale, an Advisory Notice (defined herein)."

4. Plaintiffs Gary Mednick and Steven Bayer ("Plaintiffs") acted fairly and adequately to protect the interests of the Settlement Class and are hereby confirmed as Class Representatives for the Settlement Class. The Court approves payment to Plaintiffs for their service as Class Representatives in the sum of $10,000 each, for a total of $20,000. The payment of the Class Representative Awards shall be made in accordance with the terms of the Agreement.

5. Lite DePalma Greenberg, LLC, Siprut PC, have shown that they are qualified to conduct the pending litigation and represent Plaintiffs and the Settlement Class and are therefore confirmed as the sole Class Counsel. Pursuant to the terms of the Agreement, and the authorities,

---

[1] Authorized retailers of Precor specifically excludes, without limitation, auction websites such as eBay or Craigslist. Precor provided the Settlement Administrator with a list of authorized retailers.
[2] See footnote number 1.

evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees and expenses in the amount of $1,200,000 as final payment for and in complete satisfaction of any and all Attorneys' Fees and Expenses incurred by and/or owed to Class Counsel is hereby granted. The Court finds that Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of fees and expenses to Class Counsel shall be made in accordance with the terms of the Agreement.

6. Plaintiffs and Class Members are bound by this Order and by the Agreement, including the Released Claims provided for in paragraph 5 of the Agreement.

7. The Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

8. The Settlement shall be implemented and consummated in accordance with the definitions and terms of the Agreement.

9. All Released Claims shall be merged into the final order, except for the Attorneys' Fees and Expenses owed to Class Counsel and the Class Representative Awards to Plaintiffs pursuant to the Agreement, and Plaintiffs, the Class Members and the Releasing Parties (and all persons acting or purporting to act on their behalf) are permanently barred and enjoined from instituting, commencing, asserting or continuing any of the Released Claims either directly, representatively or in another other capacity or derivatively, against the Released Parties in this or any other jurisdiction.

10. In addition, and as provided in the Agreement, Plaintiffs waive, without limitations, any currently unknown claims they may have had against Precor. Plaintiffs may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, or may sustain or have sustained losses or damages

3

which are presently unknown, but Plaintiffs do, upon the Effective Date, fully, finally, and forever settle and release any and all Released Claims including, but not limited to, Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, intentional, with or without malice, or breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. With respect to the Released Claims, including any unknown claims, Plaintiffs shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provision, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO THE CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11. Plaintiffs, Class Members and the Releasing Parties shall be deemed conclusively to have released and extinguished the Released Claims against Precor and the Released Parties as of the Effective Date as set forth in the Agreement.

12. Neither the Agreement, nor the fact that a settlement has been reached in this Lawsuit, shall constitute any admission by Precor, nor is this Order a finding of the validity of any claims in the Lawsuit. Furthermore, neither the Agreement, nor the fact that a settlement has been reached in this Lawsuit, shall constitute any concession by Precor and neither shall be used as an admission of any fault or omission by any person. Neither this Order, the Agreement nor any document referred to herein nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Precor of any fault, wrongdoing or liability whatsoever. Entering into or carrying out the Agreement, and the exhibits thereto, and any

negotiations or proceeding related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Precor and shall not be offered in evidence by any party to the Agreement, or by any Class Member, in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Agreement, or any related agreement or release; except that the Agreement and the exhibits may be filed in this Lawsuit or in any related litigation to enforce the Agreement, as evidence of the settlement, or in any subsequent action against or by Precor to support a defense of res judicata, collateral estoppel, release, or other theory of issue preclusion or similar defense.

13. Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

14. The seven (7) persons who have duly and timely requested exclusion from the Settlement Class, each of whom are identified in Attachment A, may not participate in any of the benefits of this Settlement, may now pursue only their own individual remedies, if any, and not any class actions, and, with respect to their own individual remedies only, shall not be bound by this Order and the Agreement. The terms and provisions of this Order and the Agreement shall bind all Class Members, except those identified in Attachment A.

784932.1

15. No objection has been made to the Agreement by any Class Member.

16. Without affecting the finality of this Order in any way, this Court hereby retains and reserves continuing jurisdiction over: (1) implementation of this Settlement; and (2) all parties hereto for the purposes of enforcing and administering the Agreement and exhibits thereto.

17. There being no just reason to delay the entry of this Order, the clerk is ordered to enter this Order forthwith.

18. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Order shall be rendered null and void and be vacated and the Agreement with all orders entered in connection therewith shall be rendered null and void (except as set forth in the Agreement).

**IT IS SO ORDERED**.

Dated: June 12, 2019

_____
Harry D. Leinenweber,
United States District Judge

784932.1